# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROVI CORPORATION, ROVI GUIDES, INC., UNITED VIDEO PROPERTIES, INC., and INDEX SYSTEMS, INC., <br><br>**Plaintiffs** <br><br> v. <br><br> MITSUBISHI ELECTRIC CORP., MITSUBISHI ELECTRIC US HOLDINGS, INC., MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., and MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC. <br><br> **Defendants.** | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Rovi Corporation, Rovi Guides, Inc., United Video Properties, Inc., and Index Systems, Inc. (collectively "Rovi") hereby bring this Complaint for Patent Infringement ("Complaint"). Rovi, on personal knowledge as to its own acts, and on information and belief as to all others based on investigation, alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Rovi against Mitsubishi Electric Corp., Mitsubishi Electric US Holdings, Inc., Mitsubishi Electric and Electronics USA, Inc., Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Digital Electronics America, Inc. (collectively "Mitsubishi") for infringement of U.S. Patent Nos. 6,701,523 ("the '523 Patent"), 7,225,455 ("the '455 Patent"), and 7,493,643 ("the '643 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

### Plaintiffs

2. Rovi Corporation is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050.

3. Rovi Guides, Inc. is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050. Rovi Guides, Inc. is a wholly owned subsidiary of Rovi Corporation.

4. United Video Properties, Inc. is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050. United Video Properties, Inc. is the owner of the '445 and '643 Patents. United Video Properties, Inc. is a wholly owned subsidiary of Rovi Guides, Inc.

5. Index Systems, Inc. is incorporated in the British Virgin Islands and is located at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands, VG. Index Systems, Inc. is the owner of U.S. Patent No. 6,701,523. Index Systems, Inc. is a wholly owned subsidiary of Rovi Guides, Inc.

### Defendants

6. Upon information and belief, Mitsubishi Electric Corp. is organized under the laws of Japan and has its principal place of business at Tokyo Building, 2-7-3, Marunouchi, Chiyoda-Ku, Tokyo 100-8310, Japan.

7. Upon information and belief, Mitsubishi Electric US Holdings, Inc. is a subsidiary of Mitsubishi Electric Corp. Mitsubishi Electric US Holdings, Inc. is organized under the laws of Delaware and has its principal place of business at 5665 Plaza Drive, Cypress, CA 90630. Mitsubishi Electric US Holdings, Inc. has appointed The Corporation Trust Company,

Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process.

8. Upon information and belief, Mitsubishi Electric and Electronics USA, Inc. is a subsidiary of Mitsubishi Electric US Holdings, Inc. Mitsubishi Electric and Electronics USA is organized under the laws of Delaware and has its principal place of business at 500 Corporate Woods Parkway, Vernon Hills, IL 60061. Mitsubishi Electric and Electronics USA, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process.

9. Upon information and belief, Mitsubishi Electric Visual Solutions America, Inc. is a subsidiary of Mitsubishi Electric US Holdings, Inc. Mitsubishi Electric Visual Solutions America, Inc. is organized under the laws of Delaware and has its principal place of business at 9351 Jeronimo Road, Irvine, CA 92618. Mitsubishi Electric Visual Solutions America, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process.

10. Upon information and belief, Mitsubishi Digital Electronics America, Inc. is a subsidiary of Mitsubishi Electric US Holdings, Inc. Mitsubishi Digital Electronics America, Inc. is organized under the laws of Delaware and has its principal place of business at 9351 Jeronimo Road, Irvine, CA 92618. Mitsubishi Digital Electronics America, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

11. This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has general and specific personal jurisdiction over Mitsubishi because Mitsubishi engages in business and in infringing activities in the United States and within this district. Mitsubishi has established minimum contacts with the forum. Mitsubishi Electric US Holdings, Inc., Mitsubishi Electric and Electronics USA, Inc., Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Digital Electronics America, Inc. are incorporated in Delaware, and Mitsubishi manufactures (directly or indirectly through third-party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in Delaware. Mitsubishi, directly and/or through its distribution network, places the products within the stream of commerce, which is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Delaware. Therefore, the exercise of jurisdiction over Mitsubishi would not offend traditional notions of fair play and substantial justice.

13. Mitsubishi Electric US Holdings, Inc., Mitsubishi Electric and Electronics USA, Inc., Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Digital Electronics America, Inc. are incorporated in Delaware, and Mitsubishi does business in Delaware, including providing products that are used, offered for sale, sold, and have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

14. Rovi is a global leader in digital entertainment technology solutions. Rovi provides guidance technology, entertainment data, content protection and content networking

technology to customers for use in the consumer electronics, cable and satellite, entertainment and online distribution markets to enable them to deliver a unique entertainment experience for television, movies, music, and photos.

15. Rovi was created in its current form when Macrovision Corporation acquired Gemstar-TV Guide International, Inc. in May 2008. Gemstar-TV Guide International, Inc. was the product of a merger between Gemstar International Group, Ltd. and TV Guide, Inc. in 2000. All of these entities are and were innovators in interactive program guides and related technologies.

16. Rovi invests significant resources in the development of interactive program guides, parental controls, and related technologies for use in Rovi's products and also in licensing to third parties who develop their own digital entertainment solutions.

17. Rovi's business depends, in significant part, on protecting its innovations through patents. Rovi's long-term financial success depends on its ability to establish, maintain, and protect its proprietary technology through enforcement of its patent rights. Mitsubishi's infringement presents significant and ongoing damages to Rovi's business.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,701,523

18. Paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

19. Index Systems, Inc. owns by assignment the entire right, title, and interest in and to the '523 Patent, including the right to bring this suit for injunctive relief and damages.

20. The '523 Patent issued on March 2, 2004 and is entitled "V-Chip Plus+In-Guide User Interface Apparatus and Method for Programmable Blocking of Television and Other Viewable Programming, such as for Parental Control of a Television Receiver." A true and correct copy of the '523 Patent is attached as Exhibit A and made a part hereof.

- 5 -

RLF1 5993430v. 1

21. The '523 Patent is valid and enforceable under United States Patent Laws.

22. Rovi is informed and believes that Mitsubishi has infringed and is infringing the '523 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, televisions that infringe one or more claims of the '523 Patent (*e.g.*, the Mitsubishi Cinema WD-73740 television).

23. Upon information and belief, Mitsubishi is or will be an active inducer of infringement of the '523 Patent under 35 U.S.C. § 271(b) by actively inducing customers, buyers, sellers, users, and others to directly infringe the '523 patent. Mitsubishi was made explicitly aware of the '523 Patent at least as early as October 17, 2011 and knowingly induced infringing acts with a specific intent to encourage infringement. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '523 Patent and of the infringing acts with specific intent to encourage infringement, should Mitsubishi contend that it did not previously have knowledge of the '523 Patent and its infringement.

24. Upon information and belief, Mitsubishi also is or will be a contributory infringer of the '523 Patent, pursuant to 35 U.S.C. § 271(c) because it imports, sells, and offers to sell articles constituting or containing material parts of inventions claimed in the '523 Patent to customers, buyers, sellers, users, and others to directly infringe the '523 patent, when willfully blind to and/or knowing the same to be especially made and/or adapted for use in an infringement of the '523 Patent, and not staple articles of commerce suitable for substantial non-infringing use. Moreover, this Complaint, along with the complaint titled *In the Matter of*

*Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '523 Patent and its infringement, should Mitsubishi contend that it did not previously have knowledge thereof.

25. Mitsubishi's infringement of the '523 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26. Rovi has been damaged by Mitsubishi's infringement of the '523 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

27. Mitsubishi's infringement of the '523 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Mitsubishi was made explicitly aware of the '523 Patent at least as early as October 17, 2011. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '523 Patent and of its infringement, should Mitsubishi contend that it did not previously have actual knowledge of its infringement of the '523 Patent.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,225,455

28. Paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

29. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '455 Patent, including the right to bring this suit for injunctive relief and damages.

30. The '455 Patent issued on May 29, 2007 and is entitled "Electronic Television Program Guide Schedule System and Method." A true and correct copy of the '455 Patent is attached as Exhibit B and made a part hereof.

31. The '455 Patent is valid and enforceable under United States Patent Laws.

32. Rovi is informed and believes that Mitsubishi has infringed and is infringing the '455 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, televisions that infringe one or more claims of the '455 Patent (*e.g.*, the Mitsubishi Cinema WD-73740 television).

33. Upon information and belief, Mitsubishi is or will be an active inducer of infringement of the '455 Patent under 35 U.S.C. § 271(b) by actively inducing customers, buyers, sellers, users, and others to directly infringe the '455 patent. Mitsubishi was made explicitly aware of the '455 Patent at least as early as October 17, 2011 and knowingly induced infringing acts with a specific intent to encourage infringement. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '455 Patent and of the infringing acts with specific intent to encourage infringement, should Mitsubishi contend that it did not previously have knowledge of the '455 Patent and its infringement.

34. Upon information and belief, Mitsubishi also is or will be a contributory infringer of the '455 Patent, pursuant to 35 U.S.C. § 271(c) because it imports, sells, and offers to sell articles constituting or containing material parts of inventions claimed in the '455 Patent to customers, buyers, sellers, users, and others to directly infringe the '455 patent, when willfully

blind to and/or knowing the same to be especially made and/or adapted for use in an infringement of the '455 Patent, and not staple articles of commerce suitable for substantial non-infringing use. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '455 Patent and its infringement, should Mitsubishi contend that it did not previously have knowledge thereof.

35.     Mitsubishi's infringement of the '455 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

36.     Rovi has been damaged by Mitsubishi's infringement of the '455 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

37.     Mitsubishi's infringement of the '455 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Mitsubishi was made explicitly aware of the '455 Patent at least as early as October 17, 2011. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '455 Patent and of its infringement, should Mitsubishi contend that it did not previously have actual knowledge of its infringement of the '455 Patent.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,493,643

38. Paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

39. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '643 Patent, including the right to bring this suit for injunctive relief and damages.

40. The '643 Patent issued on February 17, 2009 and is entitled "Program Guide System with Video-on-Demand Browsing." A true and correct copy of the '643 Patent is attached as Exhibit C and made a part hereof.

41. The '643 Patent is valid and enforceable under United States Patent Laws.

42. Rovi is informed and believes that Mitsubishi has infringed and is infringing the '643 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, televisions that infringe one or more claims of the '643 Patent (*e.g.*, the Mitsubishi Cinema WD-73740 television).

43. Upon information and belief, Mitsubishi is or will be an active inducer of infringement of the '643 Patent under 35 U.S.C. § 271(b) by actively inducing customers, buyers, sellers, users, and others to directly infringe the '643 patent. Mitsubishi had knowledge of and/or willfully blinded itself to the existence of the '643 Patent and its infringement. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '643 Patent and of the infringing acts with specific intent to encourage infringement, should Mitsubishi contend that it did not previously have knowledge of the '643 Patent and its infringement.

44. Upon information and belief, Mitsubishi also is or will be a contributory infringer of the '643 Patent, pursuant to 35 U.S.C. § 271(c) because it imports, sells, and offers to sell articles constituting or containing material parts of inventions claimed in the '643 Patent to customers, buyers, sellers, users, and others to directly infringe the '643 patent, when willfully blind to and/or knowing the same to be especially made and/or adapted for use in an infringement of the '643 Patent, and not staple articles of commerce suitable for substantial non-infringing use. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '643 Patent and its infringement, should Mitsubishi contend that it did not previously have knowledge thereof.

45. Mitsubishi's infringement of the '643 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46. Rovi has been damaged by Mitsubishi's infringement of the '643 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

47. Mitsubishi's infringement of the '643 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Moreover, this Complaint, along with the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology* filed by Rovi in the United States International Trade Commission, will serve as notice to Mitsubishi of the '643 Patent and of its infringement, should Mitsubishi contend that it did not previously have actual knowledge of its infringement of the '643 Patent.

## DEMAND FOR JURY TRIAL

48. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rovi demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Rovi prays for the following judgment and relief against Mitsubishi:

(A) That Mitsubishi has infringed each and every one of the Asserted Patents;

(B) That the Asserted Patents are valid and enforceable;

(C) That Mitsubishi, its officers, agents, employees, and those persons in active concert or participation with any of them, and its successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, through at least an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(D) That Rovi be awarded all damages adequate to compensate it for Mitsubishi's infringement of the Asserted Patents, such damages to be determined by a jury, and, if necessary to adequately compensate Rovi for the infringement, an accounting;

(E) That Rovi be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(F) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Rovi be awarded attorneys' fees, costs, and expenses incurred in connection with this action;

(G) That Rovi be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| *Of Counsel*: | /s/ *Chad M. Shandler* |
| | Frederick L. Cottrell, III (#2555) |
| Yar R. Chaikovsky | Chad M. Shandler (#5350) |
| David L. Larson | Jason J. Rawnsley (#5379) |
| Hong S. Lin | Richards, Layton & Finger, PA |
| Jeremiah A. Armstrong | One Rodney Square |
| Daniel K. Greene | 920 North King Street |
| Kyle A. Virgien | Wilmington, DE 19801 |
| McDermott Will & Emery LLP | (302) 651-7700 |
| 275 Middlefield Road, Suite 100 | cottrell@rlf.com |
| Menlo Park, CA 94025 | shandler@rlf.com |
| 650.815.7400 | rawnsley@rlf.com |
| | |
| Amol A. Parikh | *Attorneys for Plaintiffs Rovi Corporation, Rovi Guides, Inc., United Video Properties, Inc., and Index Systems, Inc.* |
| Ryan N. Phelan | |
| McDermott Will & Emery LLP | |
| 227 West Monroe Street | |
| Chicago, IL 60606 | |
| 312.372.2000 | |

Joel M. Freed
Christopher G. Paulraj
Alexander P. Ott
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, DC 20005
202.756.8000

Dated: May 1, 2012